# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: SUBPOENAS TO NON-PARTY JOSHUA COBB | § § § | |
| SPIGOT, INC., POLARITY TECHNOLOGIES LTD., AND EIGHTPOINT TECHNOLOGIES, LTD.,<br>    *Plaintiffs* | § § § § § § § | Case No.  A-20-MC-595-RP[1] |
| v. | § § | |
| JEREMY MATTHEW HOGGATT AND MEDIAVO, INC.,<br>    *Defendants* | § § § | |

# O R D E R

Before the Court are Non-Party Joshua Cobb's Motion to Quash Subpoenas and for Protective Order, filed June 3, 2020 (Dkt. 1); Plaintiff's Motion for Transfer, filed June 19, 2020 (Dkt. 6); and the various response and reply briefs. The District Court referred the motions and related filings to the undersigned for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.  General Background

On September 21, 2018, Plaintiffs Spigot, Inc., Polarity Technologies Ltd., and Eightpoint Technologies, Ltd. (collectively, "Plaintiffs") filed this trade secret infringement lawsuit against Defendants Jeremy Matthew Hoggatt and Mediavo, Inc. (collectively, "Defendants") in Florida state court. *See Spigot v. Hoggatt*, No. 2018-CA-4601 (20th Dist. Ct., Lee County, Fla. Sept. 21,

---

[1] Related Case No. 2-18-CV-00764-JES-NPM (M.D. Fla.).

2018) (Dkt. 5-1) ("Underlying Lawsuit"). On November 14, 2018, Defendants removed the Underlying Lawsuit to the United States District Court for the Middle District of Florida, Fort Myers Division, where it remains pending. *See Spigot v. Hoggatt*, No. 2-18-CV-00764-JES-NPM (M.D. Fla. Jan. 1, 2017) (Dkt. 1-5).

On May 19, 2020, Plaintiffs served Non-Party Josh Cobb with a third-party subpoena duces tecum and a Subpoena to Testify at a Deposition, requesting certain documents and information in Cobb's possession regarding various agreements and communications between Cobb and the Defendants, and several of their related corporate entities. *See* Dkts. 1-1, 1-2. Although Cobb is not a party to this lawsuit, he is the President of Media.net, a corporate affiliate of Defendant Mediavo. Plaintiffs allege that before serving Cobb with the Subpoenas, they attempted to gain information about Media.net's role in the Underlying Lawsuit from Media.net, but that it refused to produce "any meaningful information or documents." Dkt. 6 at 2. Accordingly, Plaintiffs subpoenaed several non-parties, including Cobb, in an attempt to obtain the requested documents and information.

In response to the Subpoenas, Cobb filed the instant Motion to Quash pursuant to Federal Rule of Civil Procedure 45(d)(3)(A), arguing that the Subpoenas are overbroad, unduly burdensome, and seek privileged information. Plaintiffs oppose the Motion to Quash and seek to transfer it to the Middle District of Florida, pursuant to Federal Rule of Civil Procedure 45(f). Cobb opposes transfer, arguing that it would cause him to suffer undue prejudice.

## II.     Analysis

Rule 45(f) governs transfer of a subpoena-related motion. Rule 45 has long required that disputes related to non-party subpoenas be resolved locally "to avoid imposing undue travel or expense burdens on non-parties who are challenging a subpoena." *Visionworks of Am., Inc. v. Johnson & Johnson Vision Care, Inc.*, 2017 WL 1611915, at *1-3 (W.D. Tex. Apr. 27, 2017)

(citing FED. R. CIV. P. 45(d)(2)(B)(i), directing that motions to compel be filed in "the district in which compliance is required"). Subsection (f) was added in December 2013 to allow the transfer of such motions to the court that issued the subpoena "if the person subject to the subpoena consents or if the court finds exceptional circumstances" to be present. FED. R. CIV. P. 45(f).

Although the term "exceptional circumstances" is not defined in the Rule, the Advisory Committee's comments to the amendment explain that "transfer to the court where the action is pending is sometimes warranted" where the interests in having the issuing court decide the discovery dispute "outweigh the interests of the party served with the subpoena in obtaining local resolution of the motion." FED. R. CIV. P. 45 advisory committee's notes to 2013 amendment, Subdivision (f). The Committee further notes that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Id.*

In the interests of consistency and judicial economy, the Court finds that the Middle District of Florida should rule on the instant Motion to Quash. The Underlying Lawsuit has been pending in the Middle District of Florida for more than a year and half, and the court has made numerous rulings on substantive motions, as well as several discovery disputes. *See* Dkt. 6-1. The Middle District of Florida is in the best position to make rulings on the scope of discovery and to evaluate the relevance of the requested documents and any undue burden the production might cause. Any ruling by this Court on the Motion to Quash has the potential to disrupt the Middle District's management of the Underlying Lawsuit, both procedurally and substantively. "A transfer will 'avoid disrupting the issuing court's management of the underlying litigation,' and enable resolution of fundamental issues underlying this matter." *In re Nonparty Subpoenas Duces Tecum*,

327 F.R.D. 23, 26 (D.D.C. 2018) (quoting FED. R. CIV. P. 45(f) advisory committee's notes). In addition, "[u]niformity of discovery rulings . . . is critical to achieving fairness to the parties and non-parties." *Visionworks of Am., Inc. v. Johnson & Johnson Vision Care, Inc.*, 2017 WL 1611915, at *2 (W.D. Tex. Apr. 27, 2017).

The Court also finds that Cobb will not be unduly prejudiced by the transfer. Cobb argues he will be unduly prejudiced if the Motion to Quash is transferred because he "will be required to retain Florida-licensed attorneys" which will make the transfer "more burdensome and expensive." Dkt. 13 at 5. However, as Plaintiffs point out, Cobb is already represented by a law firm with attorneys admitted to practice in the Middle District of Florida. In addition, Cobb does not explain why his Texas-based attorneys could not represent Cobb *pro hac vice* pursuant to Rule 2.02 of the Local Rules for the Middle District of Florida.

The Court finds that any inconvenience the transfer may cause Cobb will be minor at most. In response to the exigent circumstances created by the current novel coronavirus pandemic, most federal courts are conducting hearings via telephone and video conference rather than in person, and electronic filing of documents has been the norm in federal court for more than a decade. Nothing about transfer of the motion to the court presiding over this case will cause Cobb the sort of inconvenience or expense that would warrant the Court to refrain from transfer. *See Glob. Agility Sols., Inc. v. Barker*, No. 1:20-MC-0314-RP-AWA, 2020 WL 2494625, at *2 (W.D. Tex. May 14, 2020).

In sum, the Court finds that transferring the Motion to Quash will advance the interests of consistency and judicial economy in this case, and will not unduly prejudice Cobb.

Based on the foregoing, Plaintiffs' Motion to Transfer (Dkt. 6) is **GRANTED**.

**IT IS HEREBY ORDERED** that Non-Party Joshua Cobb's Motion to Quash (Dkt. 1) is **TRANSFERRED** to the United States District Court for the Middle District of Florida, Fort Myers Division (the Honorable John E. Steele).

**IT IS FURTHER ORDERED** that this cause of action is **CLOSED**.

**SIGNED** on July 16, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE